Dear Mr. Groody:
Your request for an Attorney General's opinion has been referred to me for research and reply. You indicate in your letter that an inpatient of a nursing home located in West Feliciana Parish is sent for a mental examination outside of that parish by a private physician, not the coroner, via a physician's emergency certificate (PEC). Specifically, you ask who is responsible for the out of parish coroner fees and transportation fees when an inpatient of a nursing home is sent for mental examination by means of a PEC to a treatment facility outside of his domiciliary parish.
La.R.S. 28:53 provides for the admission of a mentally ill person or a person suffering from substance abuse to a treatment facility for observation, diagnosis and treatment up to fifteen days under an emergency certificate executed by a physician after examination of the person. The statute provides, in pertinent part, as follows:
 (B)(1) Any physician or psychologist may execute an emergency certificate only after an actual examination of a person alleged to be mentally ill or suffering from substance abuse . . . Failure to conduct an examination prior to the execution of the certificate will be evidence of gross negligence.
 (G)(1) Upon admission of any person by emergency certificate to a treatment facility, the director of the treatment facility shall immediately notify the coroner of the parish in which the treatment facility is located of the admission,. . . *Page 2 
 (2) Within seventy-two hours of admission, the person shall be independently examined by the coroner or his deputy who shall execute an emergency certificate, pursuant to Subsection B, which shall be a necessary precondition to the person's continued confinement.
 (3) However, in the event that the coroner has made the initial examination and executed the first emergency commitment certificate then a second examination shall be made within the seventy two hour period set forth in this Part by any physician at the treatment facility where the person is confined.
 (4) In making either the initial examination or the second examination, when the coroner or his deputy examines the person and executes an emergency certificate and a reexamination of the person and reexecution of a certificate is necessary for any reason to insure the validity of the certificate, both the first examiner and the reexaminer shall be entitled to the fee for the service, unless they are one and the same.
 * * * (6) When a person is confined in a treatment facility other than a state mental institution, the examining coroner in the parish where the patient is confined shall be entitled to the usual fee paid for this service to the coroner of the parish in which the patient is domiciled or residing. When a person is confined in a state mental institution in a parish other than his parish of domicile or residence, the examining coroner shall be entitled to the fee authorized by law in his parish for the service. In either case, the fee shall be paid and accurate records of such payments kept by the governing authority of the parish in which the patient is domiciled or residing from parish funds designated for the purpose of payment to the coroner. All coroners shall keep accurate records showing the number of patients confined in their parishes pursuant to this Section.
 (Emphasis added).
A review of the La.R.S. 28:53, specifically Subsection (G)(6), clearly shows that the out of parish coroner fee shall be paid by the governing authority of the parish in which the patient is domiciled or residing from the parish funds designated for payment to the coroner. Applying the law to the facts presented above, when a physician examines an inpatient of a nursing home in West Feliciana Parish and executes an emergency certificate providing for the admission of the patient to a facility for mental observation, diagnosis and treatment, the parish of the domicile *Page 3 
of the patient, West Feliciana Parish, must pay the out of parish coroner fees associated with the issuance of the emergency certificate by a physician.
Your second question concerns the allocation of the cost of transporting a nursing home patient to a treatment facility pursuant to a PEC. While Louisiana law is silent on the allocation of cost related to PEC transfers, Attorney General Opinions 05-0263, 00-363 and96-362 have addressed this issue by applying La.R.S. 28:142 by analogy.
La.R.S. 28:142 enumerates the responsible paying parties for the transportation of the mentally ill to a mental hospital. The statute provides, in pertinent part, as follows:
 If financially able, the patient or his legally responsible relative shall pay all the costs incident to transporting the patient to the mental hospital; otherwise the department, in the case of a nonresident, or the parish in which the hearing was held, in the case of a resident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
In Attorney General Opinion 05-0263, this office opined that the Sheriff's Department is responsible for transferring a patient under a PEC but must be reimbursed. If the patient or his relative is able, they shall pay the costs incident to the transporting of the patient. However, if another state agency has requested the transfer, that agency would be responsible for the cost to the sheriff, but if as a result of a hearing, the parish in which the hearing was held shall pay the cost in the case of a resident although the parish may seek reimbursement from the parish where the patient resides.
In Attorney General Opinion 00-363, this office concluded that the Vernon Parish Sheriff's Department is responsible for the transfer of a patient residing in Vernon Parish who is under a PEC where the patient or his legally responsible relations are not financially able. Costs of transporting the patient are to be reimbursed by the Vernon Parish Police Jury where the patient is a resident. In the case of a nonresident, the costs are to be paid by the Department of Health and Hospitals. In the event that another state agency has requested the transfer or the patient resides in another parish, the Vernon Parish Police Jury may seek remuneration from that agency or that parish respectfully.
In Attorney General Opinion, 96-362, this office determined that while the sheriff's department must transport mentally ill patients under an emergency certificate, they are not required to pay for the service and should be reimbursed. This opinion observed that the provision relative to responsibility for costs for a *Page 4 
transfer from an emergency room of a hospital to an evaluation center under an emergency certificate is La.R.S. 28:142.
Following the logic set forth in the previous opinions issued by this office, the patient or his legally responsible relative is responsible for the costs of transfer. In the event, the patient or his legally responsible relative is not financially able to pay, the parish of the domicile in the case of a resident or the division in the case of a non-resident is responsible for the transportation costs. While no hearing is involved with the execution of a PEC, this office has consistently applied La.R.S. 28:142 as the statute that governs transportation costs associated with the issuance of a PEC.
Based on the law and the foregoing information, it is the opinion of this office that the out of parish coroner fees for a mental examination pursuant to a PEC are payable by the parish of the patient's domicile from the parish funds appropriated for the coroner's office. It is further the opinion of this office that the transportation fees for a mental examination pursuant to a PEC are payable by the patient or his legally responsible relative. If the patient or his relative is unable to pay, costs of transporting the patient are to be paid by the parish where the patient is a resident.
We hope this opinion has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:_________________ Claudeidra Minor Assistant Attorney General
 JDC:CM:Irs